**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BRIO SYSTEMS, INC.,<br><br>        Debtor.<br><br>―――――――――――――――<br><br>ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of BRIO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>JOHNSON CONTROLS,<br><br>        Defendant. | Chapter 7<br><br>Case No. 23-10670 (JKS)<br><br><br><br><br><br>Adv. Pro. No. 25-_____ (JKS) |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee (the "Trustee" or the "Plaintiff") for the estate of Brio Systems, Inc. (the "Debtor"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential and/or fraudulent transfers and to disallow any claims held by Johnson Controls (the "Defendant"). In support of this Complaint, Plaintiff alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential and/or fraudulent transfers of property that occurred during the ninety-day period prior to the commencement of the Debtor's

bankruptcy case, pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, the Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim that the Defendant has filed or asserted against the Debtor's estate in the chapter 7 case, notwithstanding whether any such claim previously has been subject to objection or allowed in full or in part by stipulation or prior order of the Court.  Plaintiff does not waive, but hereby reserves, all of his and the Debtor's rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012*.

4. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Bankruptcy Court may enter final orders with respect to the relief sought herein.

5. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

6. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.  The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

8.  Plaintiff is duly appointed Chapter 7 Trustee for the Debtor and the Debtor's estate.

9.  Upon information and belief, Defendant is, and at all relevant times was, a vendor or creditor that provided goods and/or services to or for the Debtor prior to the Petition Date (as defined below).

10. Upon information and belief, Defendant has an address of 5757 N. Green Bay Avenue, Milwaukee, Wisconsin 53209.

## FACTUAL ALLEGATIONS

11. On May 23, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby commencing this chapter 7 bankruptcy case (the "Chapter 7 Case").

12. On the Petition Date, the Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code. Thereafter, a section 341(a) meeting of creditors was held and concluded.

13. On May 23, 2023, the Debtor filed its respective Schedules of Assets and Liabilities and Statements of Financial Affairs [ECF 3-4] (collectively, the "Schedules and Statements").

14. Prior to the Petition Date, the Debtor offered a complete COVID-19 testing system to help employers keep teams safe and businesses on track, and it also developed diagnostic testing solutions.

**PRE-PETITION DATE TRANSFERS**

15.     During the ninety days before the Petition Date, that is between February 22, 2023 and the Petition Date (the "Preference Period"), the Debtor continued to operate its business and made certain transfers of money to, among others, vendors and service providers.

16.     Upon information and belief, during the course of their relationship, the Defendant and the Debtor entered into agreements for the purchase of goods and/or services by the Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements").

17.     During the Preference Period, the Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of the Defendant through payments and other credits aggregating not less than the amount set forth on Exhibit A hereto (each a "Transfer" and collectively, "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto.

18.     Unless otherwise noted on Exhibit A or herein, each of the Transfers was made from an account in the name of Debtor, Brio Systems, Inc., held at Silicon Valley Bank, account number ending in 9727.

19.     Plaintiff is seeking to avoid all of the Transfers and any other unknown transfers of interests of the Debtor's property made by the Debtor to the Defendant within the Preference Period.

20.     Prior to Plaintiff filing this Complaint, Plaintiff performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of that due diligence and where reasonably available, Plaintiff or his professionals reviewed the Debtor's books and records in his possession applicable to the Defendant. Plaintiff also reviewed, *inter alia*, the Debtor's Schedules and Statements and any proofs of claim filed by Defendant.

21. In February 2025, Plaintiff, through counsel, sent a demand letter to Defendant seeking a return of the Transfers and requesting that Defendant respond and provide support for any defenses to avoidance of the Transfers. Plaintiff and his advisors reviewed all material provided in response, if any, as well as any other reasonably available information.

22. After review of the information provided by Defendant, if any, and after conducting his own due diligence evaluation of reasonably knowable affirmative defenses to avoidance of the Transfers, Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any statutory defenses available under section 547(c) the Bankruptcy Code.

23. Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers. Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith and leaves Defendant to his burden.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. During the Preference Period, the Debtor made Transfers to or for the benefit of the Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

26. Each Transfer was made from the Debtor, and constituted transfers of an interest in property of the Debtor.

27. The Defendant was a creditor of the Debtor at the time of each Transfer by virtue of supplying goods and/or services, as described herein and in the Agreements, for which the Debtor was obligated to pay in accordance with the Agreements.

230512657 v1

28. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to the Defendant.

29. Each Transfer was made for, or on account of, an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

30. Each Transfer was made while the transferring Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

31. Each Transfer was made during the Preference Period. *See* Exhibit A.

32. As a result of each Transfer, the Defendant received more than the Defendant would have received (i) through this Chapter 7 Case; (ii) if the Transfers had not been made; and (iii) if the Defendant received payments on account of such debt under the provisions of the Bankruptcy Code.

33. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Claim for Relief**
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

34. Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

35. To the extent that one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than the paying Debtor but paid for by the Debtor, Plaintiff pleads in the alternative

6

that the Debtor making such Transfer did not receive reasonably equivalent value in exchange for such Transfer; and the Debtor making such Transfer: (a) was insolvent as of the date of the Transfer, or became insolvent as a result of the Transfer; (b) was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or (c) intended to incur, or believed they would incur, debts beyond its ability to pay upon maturity.

36. Based on the foregoing, the Transfers constitute constructive fraudulent transfers, which are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

37. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

38. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B), as applicable.

39. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

40. Pursuant to 11 U.S.C.§ 550(a), the Plaintiff is entitled to recover from the Defendant the full amount of each Transfer, as set forth in Exhibit A, plus interest thereon to the date of payment and the costs of this action.

### Fourth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d))

41. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

42. The Defendant is a transferee of the Transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

43. The Defendant has not paid the amount of the Transfers, or turned over such property, for which the Defendant is liable under 11 U.S.C. § 550.

44. Pursuant to sections 502(d) and (j) of the Bankruptcy Code, and irrespective of whether any order or stipulation allowing Defendant's claim has been approved by the Bankruptcy Court, any and all claims of the Defendant and/or its assignee, against the Debtor's estate in its Chapter 7 Case must be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

## RESERVATION OF RIGHTS

45. During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to the Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor to or for the benefit of the Defendant or any other transferee.  Plaintiff reserves the right to amend this original Complaint to include, without limitations: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant as follows:

A.    Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B.    Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C.    Disallowing any claims held by the Defendant against the Debtor's estate until the Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j);

D.    Awarding Plaintiff interest from the date of the Complaint;

E.    Awarding Plaintiff the fees and costs of suit incurred herein; and

F.    Such other and further relief as this Court may deem just and proper.

Dated: May 21, 2025                     By:    /s/ Natasha M. Songonuga
                                                            Natasha M. Songonuga (Bar No. 5391)
                                                             ARCHER & GREINER, P.C.
                                                             300 Delaware Avenue, Suite 1100
                                                             Wilmington, DE 19801
                                                             Tel: (302) 777-4350
                                                            Email: nsongonuga@archerlaw.com

                                                           Douglas G. Leney[1]
                                                           ARCHER & GREINER, P.C.
                                                           Three Logan Square
                                                           1717 Arch Street, Suite 3500
                                                           Philadelphia, PA 19103
                                                           Tel: (215) 963-3300
                                                           Email: dleney@archerlaw.com

                                                           *Attorneys for Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee and Plaintiff*

---

[1] *Pro hac vice* admission pending.

230512657 v1